[No. 8,474. Department One.—December 9, 1884.]

ROBERT WATT et al., Respondents, v. J. W. A. WRIGHT et al., Appellants.

Jurisdiction—Certain Actions affecting Real Estate—Constitutional Construction.—The provision of the Constitution of 1879, requiring all actions for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate, to be commenced in the county in which the real estate is situated, does not apply to actions pending when the constitution went into effect.

Misjoinder of Parties—Error Without Injury.—Where certain persons are made defendants to an action to foreclose a mortgage, because they claim some right or interest in the land subsequent to the mortgage lien, and they demur on the ground of misjoinder of parties plaintiff, an error in overruling the demurrer is not prejudicial to them, when the court finds that they had not acquired any rights in the mortgaged premises.

Statute of Limitations—Foreclosure of Mortgage—Absence of Mortgagor from State.—The absence of a mortgagor from the State stops the running of the statute of limitations as to him, but not as to subsequent lien-holders.

Attachment—Levy—Posting Notices.—In executing a writ of attachment, the failure of the officer to post upon the land, where it is not occupied, a copy of the description of the land, in connection with a copy of the writ of attachment, and of the notice that the land had been attached, is fatal to the validity of the levy, and no lien is created thereon.

Judgment Lien—Equity of Redemption.—Docketing a judgment against a mortgagor, after he has conveyed his equity of redemption, creates no lien on the property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. H. Budd,* and *J. M. Rothschild,* for Appellants.

*Taylor & Haight,* and *Jarboe & Harrison,* for Respondents.

McKEE, J.—On the 2d of October, 1873, the defendant, Wright, mortgaged certain real property situated in Fresno county, to secure payment of a promissory note given, in words and figures as follows:

"SAN FRANCISCO, October 2, 1873.

"On the second day of January, 1874, without grace, for value received, I promise to pay to Messrs. Watt and McLennan, or order, at their office in the city of San Francisco, the sum of four thousand ($4,000) dollars in United States gold coin, with interest at the rate of one and one-half per cent. per month, payable quarterly in like gold coin. The interest, if not paid as it becomes due, to be added to the principal, and become a part thereof, and bear interest at the same rate.

"This note is secured by a mortgage of even date herewith.
            (Signed)        "J. W. A. WRIGHT."

Watt and McLennan, the promisees named in said note, were a firm of which Robert Watt, F. P. McLennan, and William Watt were members. William Watt died on the 6th of July, 1878. His will was admitted to probate. Robert Watt, David Watt, and Emily Watt were appointed executors and executrix thereof; and as such they qualified and entered upon the discharge of their duties. On the 15th of October, 1879, they and the surviving partners of William Watt, deceased, brought the action in hand, in one of the late district courts of the city and county of San Francisco, against the mortgagor, and against the other defendants, as subsequent and subordinate lien claimants upon the mortgaged premises, to foreclose the mortgage. In the action, a decree foreclosing the mortgage, and barring the subsequent claims of liens upon the mortgaged premises, was rendered by the Superior Court of the city and county of San Francisco. From the decree, all the defendants to the action except Wright, the mortgagor, appealed, and the questions raised on the appeal by the assignment of errors are:

1. That the Superior Court had no jurisdiction to try and determine the action.

2. That there was a misjoinder of parties plaintiff to the action.

3. That the cause of action stated in the complaint against not only the mortgagor, but the other defendants, as subsequent lien claimants, was barred by the statute of limitations.

1. The action was pending in the district court when the Constitution of 1879 went into effect. The constitution abolished the district courts, but it provided by section 3 of Article xxii., for the transfer of all proceedings pending therein to the Superior Courts, and gave to these courts " the same power and jurisdiction over the proceedings as if they had been in the first instance commenced, filed, or lodged in the Superior Court." At the same time the constitution required " that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof affected by such action or actions, is situated." (§ 5, article vi., Constitution.) And it is contended that, as the mortgaged premises in controversy were situated in Fresno county, the Superior Court of the city and county of San Francisco acquired no jurisdiction of the action. But, as we held in *Gurnee* v. *The Superior Court*, 58 Cal. 88, that provision of the constitution was only prospective in its operation; it, therefore, did not apply to actions which were commenced, according to law, in the district courts, and were pending there when the constitution went into operation. To such actions, when transferred to the proper Superior Court, according to the requirements of the constitution, the jurisdiction of the Superior Court attached; and the court was authorized, in the exercise of the jurisdiction granted to it over such actions, to hear and decide them in the same manner and to the same extent as it would actions commenced within its own original jurisdiction.

2. The objection that there is a misjoinder of parties plaintiffs was not taken by Wright, the mortgagor; as to him, the complaint was taken as confessed; but Webster and Trahern, who were made defendants, upon the ground that they claimed some right or interest in the land subsequent to the lien created

by the mortgage, raised the question by demurrer and answer. Their demurrer was overruled, and as to them the cause was tried upon their answer; and as the court found that they had not acquired any rights by statutory levy, or judgment lien, upon the mortgaged premises, the error, if any, in overruling the demurrer, or in holding that there was no misjoinder of parties plaintiffs, was error without injury.

3.   The mortgage debt matured on the 2d of January, 1874, and the action to foreclose the mortgage was not commenced until the 15th of October, 1879—more than five years and nine months after the cause of action accrued.   Meantime, however, as the plaintiff alleged, and the court found as fact, Wright, the mortgagor, on several occasions, temporarily absented himself from the State.   These successive temporary absences amounted in all to twenty-two months, during which time the running of the statute of limitations upon the mortgaged debt was suspended as to the mortgagor (§ 351, C. C. P.; *Rogers* v. *Hatch*, 44 Cal. 280) ; and as to him the action was not barred.

But if not barred as to the mortgagor, it is contended that the action is barred as against the other defendants, because the absences of the mortgagor from the State did not suspend the running of the statute of limitations upon the mortgage as to them; and as they had acquired rights in the mortgaged premises by attachment liens subsequent to the mortgage, it was necessary for the mortgagees, in order to avoid the statute of limitations, to bring this action against them, as subsequent incumbrancers or lien claimants, within four years after the cause of action accrued; for as the statute of limitations commenced to run when the cause of action accrued, its running was not suspended by any disability as against those who were always within the process of the court.

The contention is made upon the authority of *Wood* v. *Goodfellow et al.*, 43 Cal. 185.   That was a case in which it appeared three mortgages had been given on the premises ; the first was given in June, 1860, on the undivided interest of Goodfellow in the premises ; the second, in October, 1860, upon the entire interest in the premises of Goodfellow and the other two joint owners ; and the third in May, 1862, on the same joint interests.   About six months after the execution of the last mort-

gage, Goodfellow left the State, and never returned. Foreclosures of the last two mortgages were obtained in regular proceedings, to which the first mortgagee was not made a party. Under those decrees of foreclosure, the mortgaged premises were sold. On the 12th of December, 1862, the purchaser went into possession ; and on the 30th of March, 1864, conveyed the premises by deed to the Keystone Quartz Mining Company, which entered into possession under its deed, and were in possession on the 11th of May, 1864, when the administrator of the estate of the first mortgagee (who had died on the 4th of March, 1868) commenced an action against the company and Goodfellow, the mortgagor, to foreclose the mortgage. Goodfellow made no defense. The company pleaded the statute of limitations. And as the company had been by itself and its grantors in the actual adverse possession of the mortgaged premises, under a claim of right, which originated in the judicial proceedings upon the subsequent mortgages, for more than five years before the commencement of the action, and more than seven years had run since the cause of action accrued on the mortgage debt, the lower court sustained the plea of the statute of limitations.

In affirming that judgment, the late Supreme Court said: " It is the settled doctrine of this court * * * that when third persons have subsequently acquired interests in the mortgaged property, they may invoke the aid of the statute as against the mortgage, even though the mortgagor, as between himself and the mortgagee, may have waived its protection ; and we see no difference in principle between a suspension of the running of the statute resulting from an express waiver, and one caused by the voluntary act of the mortgagor in absenting himself from the State." The doctrine thus announced is made to rest upon the reason that interests in mortgaged premises, acquired subsequently to the mortgage, constitute property ; and the owners thereof stand in the same relation to the mortgage upon the property by the original owner, as if their property was bound as collateral security for the payment of the mortgage debt; but the time for the payment of the debt cannot be extended by any agreement between the mortgagor and the mortgagee to which they were not a party ; nor by the voluntary act of the

mortgagor in absenting himself from the State; and if the mortgagee allows the time of the statute of limitations to run upon the mortgage debt, their property cannot be taken from them and applied to the payment of the debt which, as to them, is barred by the statute. Assuming, therefore, that the appellants here acquired the mortgagor's equity of redemption, by the judicial proceedings founded upon the levy of an attachment, on the 5th of August, 1876, on the mortgaged premises, it follows —as the cause of the action on the mortgage debt accrued on the 2d of January, 1874, and the action was not commenced until October 15th, 1879—more than five years and nine months having run, that, under the rule of *Wood* v. *Goodfellow*, *supra*, the time of the statute had run, and the cause of action was barred, as to the subsequent lien-holders, notwithstanding the twenty-two months' absence from the State had suspended the running of the statute of limitations as to the mortgagor.

But it is claimed that the appellants were not subsequent lienholders upon the mortgaged premises, and have not acquired any interests in them subsequent to the plaintiff's mortgage, because, while it is true, they commenced an action against Wright, the mortgagor, on the 3d of August, 1876, in which a writ of attachment was issued, which came to the hands of the sheriff of Fresno county, to be executed according to law, he did not, in law or fact, levy the attachment upon the mortgaged premises. And the Court finds: "The said sheriff did not, at any time, attach any portion of the real estate and lands described in the said mortgage, or any of the right, title, or interest of the defendant, Wright, therein." The finding is founded upon the return of the officer to the writ; there was, therefore, no conflict of evidence as to the fact. The return is as follows:

" STATE OF CALIFORNIA, }
    " COUNTY OF FRESNO, } ss.

" I hereby certify that I received the annexed writ of attachment on the 3d day of August, A. D. 1876, and executed the same on the 5th day of August, A. D. 1876, by attaching all the right, title, and interest of the defendant, J. W. A. Wright, of, in, and to the following described property, to wit: All sec. 1, T. 12 S., R. 17 E., 639.48 acres, and all W. ½ of sec. 6, T. 12

S., R. 18 E., 335.10 acres, situate, lying and being in the county of Fresno, State of California, by posting a notice and a copy of said attachment on the land described, and by filing in the office of the county recorder of the county of Fresno, for record, a copy of said attachment, and a notice of the attachment, with a description of the property attached annexed to said copy of attachment, this 10th day of August, 1876.

"J. Scott Ashman, Sheriff.

"By A. Witthouse, Deputy Sheriff."

This return was made under Section 542, C. C. P., which required an officer, to whom a writ of attachment was directed and delivered, to execute the same, if upon real property, by filing with the recorder of the county in which the property may be situated, (1), a copy of the writ of attachment, together with a description of the property attached ; and (2), a notice that it is attached ; and by leaving with the occupant of the land, if the land be occupied, similar copies of the writ, description of the land, and notice of the attachment, or, if the land be not occupied, then by posting similar copies of the writ of attachment, description of the land attached, and notice of its attachment in a conspicuous place on the land.

Whether the land in controversy was occupied or not, does not appear by the return ; but, assuming that it was not occupied, the return does not show that the officer posted " in a conspicuous place on the land," or at all, a copy of the description of the land in connection with a copy of the writ of attachment and of the notice that the land had been attached. The failure of the officer to do these things, as required by law, and in the order prescribed by law, was fatal to the validity of the levy by attachment (*Sharp* v. *Baird*, 43 Cal. 577 ; *Main* v. *Tappener*, Cal. 206); and the performance of the acts done, as stated in the return of the officer, was insufficient to create a statutory lien by attachment upon the property.

Nor was there any lien created on the property by the docketing of the judgment rendered in the attachment suit on the 16th of August, 1879, because the mortgagor had, in October, 1877, conveyed the equity of redemption in the mortgaged premises, and all his right, title, and interest therein, to Robert

Watt, subject to the mortgage. As, therefore, there was neither statutory levy nor judgment lien, the appellants acquired no title to the mortgaged premises, and the plaintiffs were entitled to the decree of foreclosure against them.

There is no error in the record.

Judgment and order affirmed.

ROSS, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.