[S. F. No. 2544.   Department Two.—August 27, 1903.]

JOSEPH BRANDENSTEIN, Appellant, v. R. B. JOHNSON et al., Respondents.

MORTGAGE—STATUTE OF LIMITATIONS—ABSENCE OF MORTGAGOR FROM STATE—SUBSEQUENT JUDGMENT LIENS.—Although a mortgage sought to be foreclosed may not be barred as between the mortgagor and mortgagee by reason of the absence of the mortgagor from the state, yet where it appears, *prima facie*, to be barred by the statute, the holders of subsequent judgment liens may plead the statute as to their liens, and may enforce them as superior and paramount to the lien of the mortgage.

APPEAL from a judgment of the Superior Court of Fresno County. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

Henry U. Brandenstein, and Percy Clarke Church, for Appellant.

Horace Hawes, for Respondents.

McFARLAND, J.—This is an action to foreclose a mortgage on certain land, executed by defendant R. B. Johnson to plaintiff on December 12, 1892, to secure a promissory note of that date, whereby defendant Johnson promised to pay plaintiff or order five thousand dollars, with interest, two years after date. The Fresno Loan and Savings Bank, a corporation, and R. E. Minier were made defendants, upon the averments that they claimed some interest in the mortgaged premises which are averred to be subsequent and subject to. the lien of plaintiff's mortgage. The Fresno Flume and Irrigation Company, a corporation, was also made a party defendant; but as no question is made as to its right to a certain easement, the appeal as to this defendant need not be considered. Before the commencement of the action the defendant Johnson had filed a petition in voluntary insolvency, and had been adjudged an insolvent, and defendant Warlow had been appointed his assignee. Johnson and Warlow made default. The defendants the Fresno Loan and Savings Bank and R. E. Minier answered, alleging that each had a judgment lien against the mortgaged premises acquired subsequently to the date of the mortgage sued on, and pleaded the four-year statute of limitations, and averred that their liens were paramount and superior to the lien of plaintiff's mortgage; and it was admitted that they had such liens. The trial court rendered judgment foreclosing the mortgage, but decreeing that the mortgage lien of plaintiff was subject to said liens of the said two defendants; and from that part of the judgment in favor of said two defendants plaintiff appeals.

The note secured by the mortgage matured December 12, 1894; and, on its face, was barred in December, 1898, and this action was not commenced until several months thereafter. In order to avoid the plea of the bar of the statute, it is averred in ·the complaint, and it is a fact, that in May, 1898, several months before the debt was barred, the mortgagor, Johnson, departed from the state of California, and has ever since been and still is absent from this state. But it is contended by respondents, and was held by the trial court, that while the mortgagor's absence from the state stopped the running of the statute as against plaintiff, the mortgagee, it had not that effect as against the judgment

lienors. The law as to this point has been settled by former decisions of this court in favor of respondents' contention, and there seems to be no necessity for discussing it as if the question was still an open one. In *Wood* v. *Goodfellow*, 43 Cal. 185, it was expressly held that subsequent encumbrancers could successfully plead the statute of limitations as against the prior mortgagee, although the absence from the state of the mortgagor prevented it from running as between the mortgagor and mortgagee. In that case the court said: "If Goodfellow (the mortgagor) still held the equity of redemption, *and if the action was against him alone*, it is evident his absence from the state would afford a sufficient answer to the plea of the statute of limitations. So long as he retained the equity of redemption, and no other rights had intervened, by reason of subsequent liens or encumbrances, he had the power, by written stipulation, under the statute to extend the time within which the debt should not be barred, or he might suspend the running of the statute by his absence from the state. So long as his rights only were to be affected, it was within his power to suspend the operation of the statute, either by a written stipulation or by absenting himself from the state. But this court has repeatedly held that as against subsequent encumbrancers, or a subsequent holder of the equity of redemption, the mortgagor has no power by stipulation to prolong the time of payment, or in any manner increase the burdens on the mortgaged premises." (Citing cases.) In replying to a certain argument of counsel the court further says: "The argument assumes that a subsequent holder of the equity of redemption, or a subsequent encumbrancer stands in the shoes of the mortgagor, and cannot invoke the aid of the statute in the given case, because he could not. But it is the settled doctrine of this court, as will be seen from the authorities above cited, that when third persons have subsequently acquired interests in the mortgaged property they may invoke the aid of the statute as against the mortgagee, even though the mortgagor, as between himself and the mortgagee, may have waived its protection; and we see no difference in principle between a suspension of the running of the statute resulting from an express waiver, and one caused by his voluntary act in absenting himself

from the state." *Wood* v. *Goodfellow,* 43 Cal. 185, and the rule there stated, has been cited with approval in *Watt* v. *Wright,* 66 Cal. 202; *California Bank* v. *Brooks,* 126 Cal. 198; *Filipini* v. *Trobock,* 134 Cal. 441, and other cases. In *California Bank* v. *Brooks,* the court held as follows: "The first mortgagee could not renew the note and thereby extend the statute of limitations so as to affect the second mortgagee. He may take advantage of the statute of limitations, although the debtor does not," (citing cases); and quoted this language from *Wood* v. *Goodfellow,* 43 Cal. 185: "We see no·difference in principle between a suspension of the running of the statute resulting from an express waiver and one caused by his voluntary act in absenting himself from the state." It is true that in *Wood* v. *Goodfellow* the subsequent lienholder was a mortgagee, but no distinction is made in that case, or in other cases above cited, between a mortgage lien and any other valid lien; and in *Watt* v. *Wright,* 66 Cal. 202, it was expressly held that the absence of a mortgagor from the state did not stop the running of the statute of limitations as against the subsequent lienholder by attachment. (See, also, the following cases decided before *Wood* v. *Goodfellow*: *Lord* v. *Morris,* 18 Cal. 490; *Low* v. *Allen,* 26 Cal. 143; *Belloc* v. *Davis,* 38 Cal. 242.) The theory of all the cases above cited is, that while the general rule is, that the plea of the statute of limitations is a personal privilege, that rule does not extend to subsequent property rights over which he has no control. (See *Lord* v. *Morris,* 18 Cal. 490.)

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.