[Civ. No. 135.   First Appellate District.—February 9, 1906.]

## CALIFORNIA TITLE INSURANCE AND TRUST COMPANY, Executor, etc., of THOMAS W. SWEENY, Deceased, Appellant, v. P. J. MILLER, Administrator, etc., of EDWIN A. McDONALD, Deceased, et al., Respondents.

MORTGAGE—STATUTES OF LIMITATIONS—GRANTEE OF MORTGAGED PREMISES—DEATH OF MORTGAGOR.—In an action to foreclose a mortgage against a grantee of the mortgagor and the personal representative of his estate, the grantee may avail himself of the bar of the statute of limitations, although the running of the statute against the mortgagor has been interrupted by his death. And this he may do, although the deed under which he claims provides that it was "subject" to the mortgage.

ID.—FORECLOSURE AGAINST GRANTEE—INTERRUPTION OF STATUTE.—A grantee of mortgaged premises may be sued in foreclosure without joining the mortgagor, and whether or not the mortgagor be joined and a deficiency judgment sought. The only right of action against the grantee is one to secure a sale of the mortgaged premises and the application of the proceeds to the payment of the debt and costs. This right of action exists against the grantee as soon as the debt falls due, and the statute begins to run against it at the same time, and its operation is not interrupted by the death of the mortgagor. Section 353 of the Code of Civil Procedure only interrupts the running of the statute against the representatives of a deceased person.

ID.—REMEDIES OF MORTGAGEE—BRINGING IN PERSONAL REPRESENTATIVE OF MORTGAGOR.—If a mortgagor die so shortly before the outlawing of the mortgage debt that no administration on the estate

of the mortgagor can be secured before the statute would run in favor of a grantee of the mortgaged premises, the mortgagee may commence an action of foreclosure against the grantee, before the running of the statute in his favor, and subsequently, by amendment or supplemental pleadings, bring in the personal representative of the deceased mortgagor, and thus in one action secure all the remedies to which he may be entitled.

ID.—NOTICE TO MORTGAGEE OF SUBSEQUENT DEED—RECORDING—FINDING. A finding that a deed of mortgaged premises, executed subsequently to the mortgage, was duly acknowledged and recorded more than five years before the action of foreclosure was brought, is a sufficient finding that the mortgagor and his personal representative had notice thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, and Page, McCutchen, Harding & Knight, for Appellant.

F. W. Hall, and P. J. Muller, for Respondents.

HALL, J.—This is an appeal by plaintiff from a judgment in favor of defendants, and comes here upon the judgment-roll.

On April 15, 1896, Edwin A. McDonald executed a mortgage on real estate to Thomas W. Sweeny to secure the payment of his promissory note to Sweeny, payable April 15, 1897. On April 27, 1896, Edwin A. McDonald, the mortgagor, for love and affection, deeded the mortgaged property to his mother, Letitia McDonald, one of the defendants. The deed was in terms made subject to the mortgage, and was properly acknowledged and duly recorded May 4, 1896. McDonald, the mortgagor, died March 18, 1898, but there was no administration on his estate until March 27, 1901, when letters of administration were issued to P. J. Muller, one of the defendants. Sweeny, the mortgagee, died January 24, 1900, and on February 9, 1900, letters testamentary were issued to the plaintiff. This action to foreclose the mortgage was commenced against the administrator of the deceased

mortgagor and the grantee of the mortgagor May 29, 1901, four years and six weeks after the note became due, and more than five years after the deed to Mrs. McDonald had been made and recorded, but within about two months after the issuing of letters of administration upon the estate of the deceased mortgagor. Mrs. McDonald, the grantee of the mortgagor, pleaded in her answer that the cause of action was barred by section 337, Code of Civil Procedure. The court found the facts as above set forth, and found both as a fact and as a conclusion of law that the action was barred by section 337, Code of Civil Procedure, and rendered judgment for defendants.

Appellant, in its opening brief, concedes that if the trial court was right in holding that the mortgage could not be foreclosed as against the grantee of the mortgagor, no recovery could be had against the administrator of the deceased mortgagor. We therefore shall consider the only question presented, to wit, Was the action barred as against the grantee of the deceased mortgagor? It is well settled in this state that the grantee of a mortgagor may avail himself of the bar of the statute, although the running of the statute against the mortgagor has been interrupted by his absence from the state, and the like. (*Wood* v. *Goodfellow*, 43 Cal. 185; *Watt* v. *Wright*, 66 Cal. 205, [5 Pac. 91]; *California Bank* v. *Brooks*, 126 Cal. 198, [59 Pac. 302]; *Brandenstein* v. *Johnson*, 140 Cal. 29, [73 Pac. 744].)

Appellant insists, however, that the above cases were decided upon the proposition that the mortgagor could not, by his voluntary act, prevent the running of the statute as against his grantee, and that said cases do not control this case, where the running of the statute as against the mortgagor was interrupted by his death. We cannot agree with this contention. While it is true that in the leading case (*Wood* v. *Goodfellow*), where the mortgagor had absented himself from the state, the court referred to the fact that the mortgagor could not, by his voluntary act, prejudice the rights of his grantee, this statement is followed by this language: "Where the mortgagor has parted with his title to the property, and ceased to have any interest therein, those who have succeeded to his rights stand in the same relation to the mortgage as if they had originally made the mortgage on their

own property to secure the debt of the mortgagor. The mortgagor has no interest in the property, nor are they under obligation to pay his debt. Their property, however, is bound as collateral security for its payment, under the mortgage, which is a contract in writing, by which the property is pledged as security for the debt. The mortgage, in such a case, has the same effect in law as if it had been originally made, as a separate instrument, by the parties succeeding to the rights of the mortgagor to secure his debt.''

Manifestly, it is for the reasons set forth in the above-quoted language that the mortgagor cannot, by his act, prejudice the rights of his grantee. In *Filipini* v. *Trobock,* 134 Cal. 441, [66 Pac. 587], upon a rehearing, the court, in speaking of *Wood* v. *Goodfellow,* says: ''The doctrine of the case is contained in the following extract from Judge Crockett's opinion,'' and then quotes the language which we have just quoted from *Wood* v. *Goodfellow.* This case also, we think, is squarely against the contention of appellant. In *Hibernia Sav. etc. Soc.* v. *Herbert,* 53 Cal. 375, it was held that where a mortgagor granted the property mortgaged by gift deed to his wife, and died before the debt was barred, the wife or her representatives could plead the bar of the statute, although no administration had been taken on the mortgagor's estate, and in consequence, as to his estate, there was no bar. In this case the same effort was made by counsel to differentiate the case from *Wood* v. *Goodfellow* as is made in the case at bar, and the only difference between *Hibernia Sav. etc. Soc.* v. *Herbert* and the case at bar is that in the former case no administration on the estate of the mortgagor had been taken, and, of course, no deficiency judgment was asked for, and no representative of the deceased mortgagor was a party to the suit. (See, also, *Hibernia Sav. etc. Soc.* v. *Boland et al.,* 145 Cal. 626, [79 Pac. 365].)

A grantee of mortgaged premises may be sued in foreclosure without joining the mortgagor, and whether or not the mortgagor be joined and a deficiency judgment sought, the only right of action against the grantee is one to secure a sale of the mortgaged premises, and the application of the proceeds to the payment of the debt and costs. This right of action exists against the grantee as soon as the debt falls due, and the statute begins to run against

this right of action at the same time, and we can see no valid reason why it should be interrupted by the death of the mortgagor. The section relied on (Code Civ. Proc., sec. 353) only purports to interrupt the running of the statute as against the representatives of the deceased. It is: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." The right of action is preserved as against the representatives of the deceased, and not as against others who may be necessary parties to the action.

Appellant urges with much earnestness the hardship to a mortgagee in a case where the mortgagor grants the mortgaged property to a third person, and then dies so shortly before the outlawing of the debt that no administration can be secured before the statute would run in favor of the grantee. He argues that as section 726 of the Code of Civil Procedure permits but one action to recover a debt, or to enforce a right secured by a mortgage, the mortgagee in such case would be obliged either to bring suit against the grantee, and thus waive any recourse against the estate of the mortgagor for a deficiency, or wait and take the risk that the grantee would plead the bar of the statute. We think this hardship more imaginary than real. No reason occurs to us why the mortgagee may not at once sue the grantee, and subsequently, after the issuance of letters of administration on the estate of the deceased mortgagor, by amendment or supplemental pleadings, brings in the representatives of the deceased, and thus in one action secure all the remedies to which he may be entitled.

Appellant also discusses the effect of the provision in the deed that it was "subject" to the mortgage. We do not see what effect that would have upon the running of the statute. Whatever obligation such provision imposed upon the grantee, if any, it was mature and enforceable more than four years before the action was brought.

It is also urged that the court did not find that plaintiff or its testator ever had notice of the execution of the deed.

The court did find fully that it was duly acknowledged and recorded more than five years before the action was brought, and under *Filipini* v. *Trobock,* 134 Cal. 441, [66 Pac. 587], this was sufficient.

The judgment is affirmed.

Harrison, P. J., and Cooper, J., concurred.