[Civ. No. 2985. Third Appellate District.—October 14, 1925.]

## MARY A. ALEGRETTI, Respondent, v. JOHN GARD-NER, Appellant.

[1] OPTION — PURCHASE OF REAL ESTATE — CONSTRUCTION — WITHDRAWAL OF OFFER.—A written instrument giving to another the exclusive right to buy a piece of real estate therein described for a limited period of time, is a plain, simple option to purchase real estate, unilateral in character, such as might be withdrawn by the giver at any time prior to its acceptance.

[2] QUIETING TITLE — OPTION — WITHDRAWAL BEFORE ACCEPTANCE — FINDING—EVIDENCE—APPEAL.—In this action to quiet title to real property and to remove from the title whatever effect there might be from the recording of a writing whereby plaintiff gave to defendant the exclusive right to buy said property for a limited period of time, the trial court having found upon sufficient testimony that plaintiff's offer embodied in said writing was withdrawn prior to its acceptance, its finding is binding on appeal.

[3] ID.—PLEADING—SPECIFIC PERFORMANCE—LACHES.—In such action, plaintiff's demurrer to defendant's cross-complaint on the ground of laches should have been sustained, where such cross-complaint sought specific performance of such writing after the lapse of more than four years, and no reasons whatever were assigned why specific performance was not sought prior to the lapse of so many years.

---

(1) 39 Cyc., p. 1180, n. 15, p. 1190, n. 75.   (2) 4 C. J., p. 878, n. 81.   (3) 36 Cyc., p. 721, n. 85, p. 783, n. 9.

1. Effect of option which is unsupported by consideration, notes, 11 Am. St. Rep. 397; 8 Ann. Cas. 91; Ann. Cas. 1913A, 364. See, also, 25 Cal. Jur. 522; 27 R. C. L. 338.

2. See 23 Cal. Jur. 424.

APPEAL from a judgment of the Superior Court of San Joaquin County. D. M. Young, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Nutter, Hancock & Rutherford for Respondent.

PLUMMER, J.—Action by plaintiff to quiet title. Cross-complaint by defendant and appellant seeking specific performance based upon the following written instrument:

"Stockton, California, Aug. 8, 1918.

"I, the undersigned, hereby give and grant unto John Gardner or his assigns the exclusive right to buy or sell that certain piece of property 50x100 together with the two story brick building thereon, known as No. 24–26–28 East Main Street, in the City of Stockton, County of San Joaquin, State of California, and this exclusive right is granted for a period of thirty (30) days from date hereof. In case of sale, I agree to furnish an abstract of title brought down to date, guaranteeing the title to be free and clear of all encumbrances and I agree to furnish a grant, bargain and sale deed of conveyance to the said John Gardner or his assigns on the receipt by me of the sum of $20,000.00 payable in United States Gold Coin, or whatever equivalent I may desire to accept.

"MARY A. ALEGRETTI."

Judgment for plaintiff. Defendant appeals.

The court found the execution of the above instrument as set forth on the date therein mentioned and the delivery of the same to the defendant. The court also found upon conflicting evidence that before the defendant had taken any action under and by virtue of the delivery to him of said writing, the plaintiff on the fifteenth day of August, 1918, withdrew the privilege or option given to the said Gardner to purchase the real estate therein mentioned by executing and delivering to the defendant the following notice:

"To John Gardner, Esq.

"You will please take notice that the option given you to buy that certain piece of property 50x100 feet, together

with the two story brick building thereon, known as Nos. 24–26–28 East Main Street, in the City of Stockton, County of San Joaquin, State of California, is hereby withdrawn.

"Dated August 15, 1918.

"MARY A. ALEGRETTI."

The writing first above mentioned was recorded on or about the sixteenth day of August, 1918, in the office of the county recorder of the county of San Joaquin in the official records of said county. That thereafter no action was taken by the defendant in relation to the exercise of the privilege granted to purchase the premises described in said first-mentioned writing and the plaintiff, on or about the twenty-third day of August, 1922, began her action to quiet title to the premises involved and remove from the title to said premises whatever effect there might be from the recording of the writing hereinbefore mentioned. The plaintiff demurred to the defendant's cross-complaint and, among other things, raised the question of laches. The court over-ruled the plaintiff's demurrer to the defendant's cross-complaint, and the plaintiff answered the cross-complaint of the defendant setting up in her answer the laches of the defendant in seeking specific performance after the lapse of more than four years.

[1] Upon this appeal the defendant argues that the writing giving him the exclusive right to buy the real estate referred to within thirty days was and is, in legal effect, a grant and cites in support of such contention section 1215, Civil Code, *Kent* v. *Williams*, 146 Cal. 8 [79 Pac. 527], and *Hibernia etc. Society* v. *Farnham*, 153 Cal. 581 [126 Am. St. Rep. 129, 96 Pac. 9]. We do not need to review the authorities cited by the appellant. It is sufficient to say that they do not support his contention. A reading of the instrument dated August 8, 1918, is all that is necessary to answer the appellant's contention. It is a plain, simple option to purchase real estate, unilateral in character, such as might be withdrawn by the giver at any time prior to its acceptance. [2] The trial court found upon sufficient testimony that the offer was withdrawn prior to its acceptance and that is binding upon this court. [3] We may further state that the demurrer to the cross-complaint on the grounds of laches should have been sustained. The answer of the plaintiff to the cross-complaint sets up that

ground as a defense to specific performance, and constitutes a good defense under the pleadings in this case. No reasons whatever are assigned why specific performance was not sought prior to the lapse of so many years. This court, in the case of *Superior Cal. Fruit Land Co.* v. *Grossman,* 32 Cal. App. 357 [162 Pac. 1046], had occasion to consider this question quite fully, and it is only necessary here to refer to the collation of authorities contained in the opinion deciding that case. There being nothing of merit in appellant's appeal, it is hereby ordered that the judgment of the trial court be and the same is hereby affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 10, 1925.