[Sac. No. 4562. In Bank.—June 23, 1932.]

ISABELLA G. EKMANN, Appellant, v. PLUMAS COUNTY BANK (a Corporation) et al., Respondents.

George F. Jones for Appellant.

H. B. Wolfe for Respondents.

SEAWELL, ■■■■ The question presented by this appeal is whether a mortgagor, by waiving or extending the bar of the statute of limitations, can affect the rights of a junior holder of a trust deed, which has no knowledge of and does not consent to the agreement of waiver entered into between the senior mortgagee and mortgagor.

On October 6, 1921, George W. McMillan and Mary E. McMillan, his wife, being the owners of the real property in suit, acknowledged two deeds wherein said McMillan and wife were grantors and J. C. Boyle was grantee. Said deeds were not delivered or recorded until October 23, 1925, and appellant did not have actual notice of their existence until after she commenced her action to foreclose her first mortgage lien. On July 17, 1923, McMillan and wife executed a promissory note in the principal sum of $2,500, payable one year from date, to Isabella Ekmann. On the same day the McMillans executed a mortgage to secure the payment of said note, which was recorded on September 29, 1923.

On January 4, 1928, said J. C. Boyle and Rae E. Boyle, his wife, being indebted to respondent Plumas County Bank in the sum of $2,750, as evidenced by a promissory note dated October 5, 1927, and due December 4, 1927, executed a deed of trust in favor of said bank on the property described in the Ekmann mortgage. This trust deed was made to cover said antecedent indebtedness, and was recorded on February 15, 1928.

On July 16, 1928, said McMillan and wife, at the request of J. C. Boyle, who had been importuning appellant, Mrs. Ekmann, first mortgagee, not to commence a foreclosure proceeding, entered into an agreement in writing by the terms of which, in consideration of Mrs. Ekmann forbearing to file a foreclosure action within the period of the statute of limitations, they agreed to waive the right to plead the statute in defense of any action filed within six months from the seventeenth day of July, 1928, the date of the expiration of the period of limitations. It is admitted that the Plumas County Bank did not consent to said waiver, and did not know of its existence until after July 17, 1928.

Appellant, Mrs. Ekmann, on December 22, 1928, within the period covered by said waiver of the statute of limitations, but beyond the statutory period provided in the note and mortgage, commenced an action of foreclosure of said mortgage. Six days thereafter, to wit, December 28, 1928, the trustee under said deed of trust sold the real property in suit to the Plumas County Bank. Said bank pleaded the statute of limitations as a bar to the McMillan mortgage.

The court found that the McMillan mortgage was barred as to said bank by the statute of limitations.

There can be no doubt that Boyle, for whose benefit the extension was granted, was estopped to assert the statute of limitations although he did not sign the written waiver. The extension was granted at Boyle's request, and after it had been prepared by appellant's attorney, Boyle procured the McMillans to sign it. He represented to appellant that he was negotiating with the Plumas County Bank to refinance both loans on the property and expected to pay the debt due her. These negotiations were unsuccessful. It was Boyle who had originally induced plaintiff to make the loan evidenced by the McMillan note and mortgage.

But it does not follow that the estoppel against Boyle is available against the said Plumas County Bank. The proposition that subsequent purchasers and encumbrancers can successfully plead the statute against the holder of a first mortgage although an extension agreement entered into without their consent subsequent to the transfer or creation of the junior encumbrance, or the mortgagor's absence from the state, prevents it from running as between mortgagor and first mortgagee, was announced in early decisions of this court, and has since been too frequently reaffirmed to require discussion. (*Lord* v. *Morris,* 18 Cal. 482; *McCarthy* v. *White,* 21 Cal. 495 [82 Am. Dec. 754]; *Wood* v. *Goodfellow,* 43 Cal. 185; *California Bank* v. *Brooks,* 126 Cal. 198 [59 Pac. 302]; *Filipini* v. *Trobock,* 134 Cal. 441 [62 Pac. 1066, 66 Pac. 587]; *Brandenstein* v. *Johnson,* 140 Cal. 29 [73 Pac. 744]; *Frates* v. *Sears,* 144 Cal. 246 [77 Pac. 905]; *Foster* v. *Butler,* 164 Cal. 623 [130 Pac. 6]; *California Title Ins. Co.* v. *Miller,* 3 Cal. App. 54 [84 Pac. 453]; 18 Cal. Jur. 416.)

The distinction between the above cited cases and *Lent* v. *Morrill,* 25 Cal. 492, *Craig* v. *Dinwiddie,* 77 Cal. App. 681 [247 Pac. 516], and *Newhall* v. *Hatch,* 134 Cal. 269 [55 L. R. A. 673, 66 Pac. 266], which appellant calls to our notice, lies in the fact that in the cases upon which appellant relies the acts avoiding the bar of the statute took place *before* rather than after the third party acquired title or a lien upon the mortgaged premises.

The law placed upon appellant the duty of ascertaining from the public records the existence of third party interests

before accepting the extension. ▮ The fact that the deed of trust in favor of the bank was executed as security for a pre-existing debt does not affect its position. It is the law that an antecedent debt constitutes a valuable consideration for a transfer as security, and the holder of the security is a purchaser for value as to third persons. (*Smitton* v. *McCullough,* 182 Cal. 530, 537 [189 Pac. 686]; *Fowles* v. *National Bank of California,* 167 Cal. 653, 664 [140 Pac. 271]; *Chapman* v. *Hughes,* 134 Cal. 641, 659 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982]; 17 Cal. Jur. 955.) Furthermore, the rule which precludes the mortgagor from waiving the statute, except as to himself, has been applied in favor of the mortgagor's grantee in a deed of gift, and also to a devisee of the mortgagor. (*California Title Ins. Co.* v. *Miller, supra; Filipini* v. *Trobock, supra.*)

Appellant made no attempt to show that the extension was procured with the consent of the bank, or at its suggestion, or upon its advice, but instead chose to rely on the fallacious theory that an estoppel as to Boyle would be available against the bank as a matter of law. Appellant was asked on cross-examination if at the time of execution of the extension she had any communication of any kind with respondent bank or the trustees under the deed of trust. Before she could answer, her attorney made the following statement: "We will admit that she did not—in other words that all of her negotiations were with George W. McMillan, Mary E. McMillan, and John C. Boyle." The bank was informed of plaintiff's mortgage lien when it received the deed of trust, but, according to the testimony of an official of said bank, had no knowledge of the extension until after the recordation, on August 6, 1928, of its intention to sell under its deed of trust. Boyle also testified that he did not inform the bank of the extension, as he did not know that its consent was required. It does not appear that the bank knew the appellant's mortgage was about to expire. In this condition of the record, a finding of estoppel against the bank would be entirely unsupported. The bank was not charged with fraud or bad faith in the transaction.

The judgment is affirmed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Waste, C. J., and Tyler, J., *pro tem.,* concurred.