Filed 8/14/20  P. v. Hamilton CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

　　Plaintiff and Respondent,

v.

PAUL CHRISTOPHER HAMILTON,

　　Defendant and Appellant.

E074579

(Super.Ct.No. FWV08517)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Affirmed.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Paul Christopher Hamilton guilty of robbery (Pen. Code,[1] § 211, count 1) and carjacking (§ 215, subd. (a), count 2).  The jury found

---

[1]  All further statutory references will be to the Penal Code unless otherwise noted.

true the allegation that defendant had suffered two prior strike convictions (§ 667, subds. (b)-(i)) from a Florida conviction suffered on April 24, 1984. (*People v. Hamilton* (Jun. 15, 2015, E062169) [nonpub. opn.].)[2] A trial court sentenced defendant to 25 years to life on count 1 and a consecutive 27 years to life (the upper term of nine years, tripled under the "Three Strikes" law) on count 2. The court stayed the sentence on count 1 under section 654. (*Hamilton*, *supra*, E062169.)

Defendant subsequently filed a request for modification of sentence, in propria persona, pursuant to section 1016.8. The court denied the request.

Defendant filed a timely notice of appeal. We affirm.

## PROCEDURAL BACKGROUND

In 1997, the trial court ordered defendant to serve a 27-year-to-life sentence. (*People v. Hamilton*, *supra*, E062169.) On January 6, 2020, he filed a request for modification of his sentence, pursuant to section 1016.8 (Stats. 2019, ch. 586, § 1, eff. Jan. 1, 2020). He based the request on the portion of the new law which provides, "[a] plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Defendant alleged that when he pled guilty in the Florida case, which served as the basis for the prior strike convictions, he was only made aware that "[i]f he [was] convicted of future felonies, the priors would result in an additional five-year

_____

[2] On our own motion, we take judicial notice of our prior unpublished opinion in this case. (*People v. Hamilton*, *supra*, E062169.)

2

term." He asserted that, had he been made aware that those guilty pleas could have resulted in a life sentence, he would have gone to trial instead. Defendant claimed that his pleas were unknowing, pursuant to section 1016.8; thus, his sentence should be modified for him to be released immediately.

The court read and considered defendant's request for modification and denied the request.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court erred in denying defendant's request for modification of his sentence. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

While we understand that the appellate review procedures under *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues, generally apply "only to a defendant's first appeal as of right" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45), we also recognize that we still retain discretion to conduct a *Wende/Anders* review. (See generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529,

544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."].) Because of the importance of the issues involved to the parties, we exercise our discretion to conduct an independent review of the record.

We have now conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

I concur:

<u>CODRINGTON</u>_____
Acting P. J.

4

MENETREZ, J., Dissenting.

I agree with the majority that because this is an appeal from an order entered in a postjudgment proceeding long after the judgment became final, we are not required under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 to review the record ourselves to determine whether there are any arguable issues. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498 (*Serrano*).) I also agree that, although we are not required to conduct such a review, we also are not prohibited from conducting it. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 (*Ben C.*).) I do not agree, however, that we should conduct such a review in this case. Rather, we should dismiss the appeal as abandoned. (*Serrano*, *supra*, at pp. 503-504.) I therefore respectfully dissent.

It is true that we are not required to dismiss. We have discretion to read the entire record and look for issues. We have that discretion in every appeal, both criminal and civil—we are *always* allowed to read the whole record, searching for issues and requesting supplemental briefing on anything we find. (Gov. Code, § 68081; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6; *Hibernia Sav. & Loan Society v. Farnham* (1908) 153 Cal. 578, 584-585.)

But we almost never do that. Rather, we ordinarily "follow the principle of party presentation." (*United States v. Sineneng-Smith* (2020) 140 S. Ct. 1575, 1579.) We routinely presume the correctness of the trial court's rulings, and we routinely hold

appellants to their burden of demonstrating prejudicial error. (See *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8.)

As a result, we consistently dismiss appeals in mentally disordered offender (MDO) proceedings when the appellant files a brief raising no issues. (*People v. Dobson* (2008) 161 Cal.App.4th 1422, 1425.) Similarly, we consistently dismiss appeals in juvenile dependency cases under *In re Sade C.* (1996) 13 Cal.4th 952 (*Sade C.*) and *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*) when no issues are raised.

Here, however, the majority elects to review the entire record "[b]ecause of the importance of the issues involved to the parties." (Maj. opn., *ante*, at p. 4.) I disagree, because (1) I do not see how the issues involved are more important than the issues involved in MDO and *Sade C.*/*Phoenix H.* cases, and (2) I do not believe the appeal involves issues of any importance at all (apart from the fact that it involves criminal punishment, which is always important; that is why we gave Hamilton the opportunity to file a supplemental brief, but he declined to do so).

In 1997, Hamilton was sentenced to 27 years to life. His sentence was based partly on prior strike convictions he had suffered in Florida in 1984. In 2020, Hamilton sought resentencing under Penal Code section 1016.8, which renders void any plea bargain provisions that purport to waive the benefits of future changes in the law. (Pen. Code, § 1016.8, subds. (a), (b).) Hamilton argued that when he pled guilty in Florida in 1984, he did not know that his convictions could later be used to enhance his sentence in the way that they were in 1997, and he claimed that he would not have pled guilty if he had known.

The argument is legally nonsensical.  Hamilton does not contend that his Florida plea bargain included a provision waiving the benefits of future changes in the law.  Moreover, Hamilton is not seeking to obtain the benefits of changes in the law that postdate his 1984 plea.  Rather, he is seeking to escape the adverse effects of changes in the law that postdate his 1984 plea (California's Three Strikes law was originally enacted in 1994).  For both of those reasons, Penal Code section 1016.8 is straightforwardly inapplicable.  And in any event, it has long been established that convictions based on guilty pleas that predate enactment of the Three Strikes law can be used to enhance sentences under the Three Strikes law.  (*People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068-1070; *People v. Sipe* (1995) 36 Cal.App.4th 468, 476-479.)

Thus, it is unsurprising that appointed appellate counsel was unable to identify any arguable issues.  This is a transparently meritless appeal from the denial of a transparently meritless resentencing request.  It involves no important issues, and certainly none that is more important than those involved in the MDO and *Sade C./Phoenix H.* appeals that we routinely dismiss when counsel raise no arguments.  Accordingly, we should decline to conduct our own review of the record, and we should dismiss the appeal as abandoned.  (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)  I therefore respectfully dissent.

MENETREZ       
J.