Filed 11/25/20  P. v. Jenkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DENVER RAY JENKINS,<br><br>        Defendant and Appellant. | C090457<br><br>(Super. Ct. No. STKCRFECOD20180008095) |

Two masked individuals robbed the victim in his home at knifepoint; the jury found defendant Denver Ray Jenkins was one of the perpetrators.  The jury found defendant guilty of first degree residential burglary and first degree robbery.  The jury also found true special allegations the victim was vulnerable and the robbery was committed in concert.  In a bifurcated proceeding, the trial court found true defendant had served a prior prison term.

The trial court sentenced defendant to 11 years in state prison, comprised of the upper term of nine years for the residential robbery conviction, plus two years for the

1

associated enhancements -- one year for the vulnerable victim enhancement and one year for the prior prison term enhancement. The trial court stayed the six-year sentence as to the burglary conviction and the associated two years for the vulnerable victim and prior prison term enhancements. Defendant appeals.

Defendant raises two arguments on appeal. First, he challenges the trial court's refusal to give a third-party culpability pinpoint instruction that defendant requested at trial. Defendant asserts his trial theory was that other individuals known to the victim could have been the second perpetrator (and not defendant) and there was substantial evidence to support this theory. He maintains the trial court's failure to instruct the jury as requested was prejudicial because this was a close case. We conclude the trial court did not err. The trial court appropriately followed controlling Supreme Court precedent in finding the requested instruction was duplicative of and cumulative to the standard reasonable doubt instruction.

Second, defendant asserts he is entitled to the benefit of Senate Bill No. 136 (2019-2020 Reg. Sess.) and thus requests we strike the prior prison term enhancements. The People concede this argument and correctly note the prior prison term enhancement should have been imposed only once for the case, not once for each count. We accept the People's concession and strike the one-year enhancements with direction that the trial court prepare an amended abstract of judgment. The judgment is otherwise affirmed.

DISCUSSION

We dispense with a recitation of the facts given the nature of the issues presented and decided on appeal.

2

I

*The Requested Pinpoint Instruction*

A

*Background*

The defense theory of the case rested on third-party culpability. Defense counsel argued in closing that someone other than defendant was the second perpetrator who committed the crime. During the jury instruction conference, defendant requested two pinpoint instructions addressing his third-party culpability theory. The first proposed instruction (first requested instruction) read: "You have heard evidence that {a person other than the defendant} has committed the offense with which the defendant is charged. The defendant is not required to prove the other person's guilt. It is the prosecution that has the burden of proving the defendant guilty beyond a reasonable doubt. Therefore, the defendant is entitled to an acquittal if you have a reasonable doubt as to the defendant's guilt. Evidence that another person committed the charged offense may by itself leave you with a reasonable doubt as to the defendant's guilt. However, its weight and significance, if any, are matters for your determination. If after considering all of the evidence, including any evidence that another person committed the offense, you must find the defendant not guilty."[1]

After the trial court declined to give the first requested instruction, defendant proposed the following instruction (second requested instruction): "The defendant in this case has introduced evidence for the purpose of showing that another person committed the crime for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt that the defendant committed the charged crime, you must fine [*sic*] him not guilty." The trial court declined to give the second requested instruction, reasoning it was unnecessary and superfluous to other instructions the court would give

---

[1]    We note the last sentence in the proposed instruction is not a complete sentence.

3

the jury prior to deliberations.  The trial court did, however, allow defense counsel to argue the third-party culpability theory to the jury during closing argument.

In addition to other instructions, the trial court instructed the jury with CALCRIM No. 220, the standard reasonable doubt instruction, which states in pertinent part:  "A defendant in a criminal case is presumed to be innocent.  This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. . . . [¶] . . . [¶]  In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial.  Unless the evidence proves the defendant[s] guilty beyond a reasonable doubt, (he/she/they) (is/are) entitled to an acquittal and you must find (him/her/them) not guilty."

Defense counsel asserted the third-party culpability theory during closing argument, arguing defendant was not involved in the robbery and pointing to evidence he believed showed other persons known to the victim could have been the second perpetrator.

B

*The Requested Pinpoint Instruction Was Duplicative And Cumulative*

Defendant contends the trial court's refusal to instruct the jury on the second requested instruction is reversable error.  The People assert defendant's claim is meritless because our Supreme Court has held pinpoint instructions on third-party culpability, like the one requested, *are not required*.  We agree with the People and conclude the trial court did not err.

" '[I]n appropriate circumstances' a trial court may be required to give a requested jury instruction that pinpoints a defense theory of the case . . . .  [Citations.]  But a trial court need not give a pinpoint instruction if it is argumentative [citation], merely duplicates other instructions [citation], or is not supported by substantial evidence [citation]."  (*People v. Bolden* (2002) 29 Cal.4th 515, 558; *People v. Williams* (2016) 1

4

Cal.5th 1166, 1193.) Our Supreme Court has unequivocally held a trial court is not required to give a requested pinpoint instruction on third-party culpability if the proposed instruction is duplicative of the standard reasonable doubt instruction. (*People v. Hartsch* (2010) 49 Cal.4th 472, 504.) That is the case here.

In *Hartsch,* our Supreme Court considered whether the trial court erred in declining to give two third-party culpability pinpoint instructions. (*People v. Hartsch*, *supra*, 49 Cal.4th at p. 504.) One of those requested instructions read, in pertinent part: " 'If the evidence presented in this case convinces you beyond a reasonable doubt that the defendant is guilty, you should so find, even though you may believe that one or more other persons are also guilty. [¶] On the other hand, if you entertain a reasonable doubt of the defendant's guilt after an impartial consideration of the evidence presented in the case, including any evidence of the guilt of another person or persons, it is your duty to find the defendant not guilty.' " (*Ibid.*) The court held the proposed instruction "simply restated the reasonable doubt standard in connection with the possibility that one or more others might be guilty parties." (*Ibid.*) In so holding, the court noted that "[i]t is hardly a difficult concept for the jury to grasp that acquittal is required if there is reasonable doubt as to whether someone else committed the charged crimes." (*Ibid.*) As such, "similar instructions add little to the standard instruction on reasonable doubt" and are not required. (*Ibid.*) "[E]ven if such instructions properly pinpoint the theory of third party liability, their omission is not prejudicial because the reasonable doubt instructions give defendants ample opportunity to impress upon the jury that evidence of another party's liability must be considered in weighing whether the prosecution has met its burden of proof." (*Ibid.*)

Moreover, as our Supreme Court has explained in other cases on this issue, where the jury is properly instructed, a defendant is entitled to a verdict of not guilty if the jury has reasonable doubt regarding the defendant's guilt, no third-party culpability pinpoint instruction is required because there is no reasonable probability the result would have

5

been different in light of the other instructions provided to the jury. (*People v. Gutierrez* (2009) 45 Cal.4th 789, 824-825; *People v. Earp* (1999) 20 Cal.4th 826, 886-887.)

Here, defendant's second requested instruction, which forms the subject of his appeal, is materially similar to the one requested in *Hartsch*. The jury in this case was properly instructed with the standard reasonable doubt instruction that it had to consider all evidence and, if the prosecution did not meet its burden of proving defendant guilty beyond a reasonable doubt, the jury had to acquit. Defendant's second requested instruction added little to the pattern instruction, beyond merely stating evidence had been presented that someone other than defendant may have been culpable, and defense counsel argued this theory in closing. (*People v. Hartsch*, *supra*, 49 Cal.4th at p. 504.) It would not have been a difficult task for the jury to understand that evidence of third-party culpability, if believed, could have created a reasonable doubt as to defendant's guilt. (*Ibid.*) The second requested instruction was duplicative of and cumulative to the standard instruction on reasonable doubt, and it is not reasonably probable the jury would have come to a different conclusion had the proposed instruction been given. (*Ibid.*; *People v. Gutierrez*, *supra*, 45 Cal.4th at pp. 824-825; *People v. Earp*, *supra*, 20 Cal.4th at pp. 886-887.) Therefore, the trial court did not err in declining to give the second requested instruction.

Defendant failed to acknowledge, much less address, the foregoing controlling authority from our Supreme Court in his opening brief. In his reply brief, defendant attempts to distinguish the precedent by relying on the language of the *first requested instruction*. He asserts the language of his first requested instruction went beyond the standard reasonable doubt instruction because it explained to the jury " 'evidence that another person committed the charged offense may by itself leave you with reasonable doubt as to defendant's guilt.' " We do not consider this argument because defendant did not challenge the trial court's denial of the first requested instruction in his opening brief. Arguments raised for the first time on reply are deemed forfeited. (See *Reichardt v.*

6

*Hoffman* (1997) 52 Cal.App.4th 754, 764 [" ' "[P]oints raised in [a] reply brief for the first time will not be considered, unless good reason is shown for failure to present them before" ' "]; *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [" 'Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief' "]; *Hibernia Sav. and Loan Soc. v. Farnham* (1908) 153 Cal. 578, 584 ["[A]n appellant should, under the rules, make the points on which he relies in his opening brief, and not reserve them for his reply"].)

II

*The Prior Prison Term Enhancements Must Be Stricken*

Defendant contends the two prior prison term enhancements, imposed based on his prior prison term for a conviction of a felony violation of Vehicle Code section 10851, subdivision (a), should be stricken pursuant to the amendment to Penal Code section 667.5, subdivision (b), effected by Senate Bill No. 136. The People concede the enhancements should be stricken. The People also correctly point out the enhancement should have been imposed only once for the case.

Effective January 1, 2020, Senate Bill No. 136 amended Penal Code section 667.5, subdivision (b), to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill No. 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed two one-year Penal Code section 667.5, subdivision (b), prior prison term enhancements, one for each count, based on defendant's prior prison term for a felony not deemed a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). Defendant's case is not yet final. Therefore, as the parties agree, and we concur, defendant is entitled to

7

the benefit of Senate Bill No. 136's amendment to Penal Code section 667.5, subdivision (b). The prior prison term enhancements are stricken.

## DISPOSITION

The prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment and forward a copy thereof to the appropriate entities. As so modified, the judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Hoch, J.

8